**DARYOUSH TOOFANIAN, ESQ.**
*Pro Hac Vice*
State Bar of Texas # 24039801
RAD LAW FIRM
12900 PRESTON RD., SUITE 900
DALLAS, TEXAS 75230
PH: 972-661-1111
FAX: 972-661-3537
DTOOFANIAN@RADLAWFIRM.COM

United States District Court
District of Arizona

| | |
|---|---|
| WILLIAM P. BURNETT AND § <br> TRACIE GARNETT, INDIVIDUALLY AND O/B/O § <br> THE ESTATE OF WILLIAM BURNETT III § <br> PLAINTIFFS, § <br> § <br> V. § <br> § <br> § <br> § <br> § <br> SIERRA NEVADA CORPORATION AND § <br> NEW FRONTIERS INNOVATIONS, LLC AND § <br> AIRBORNE SERVICES GLOBAL II, LLC § <br> DEFENDANTS. § | CASE NO. 2:14-CV-02761-JWS |

PETITION IN INTERVENTION

TO THE HONORABLE JUDGE OF THIS COURT,

NOW COMES Tracie Garnett, individually and on behalf of the estate of her deceased son, William Burnett III and files this, petition in intervention and in support thereof would show unto the Court the following:

A.  INTRODUCTION

1. Intervenor is the natural and legal mother of the William Burnett III a deceased man. A wrongful death lawsuit was filed in the Supreme Court of the State of Arizona, Maricopa County by the Decedent's father, William Burnett, Jr. The suit was removed to this Court by Defendant, New Frontier Innovations. Intervenor moved this Court to intervene in this case individually and on behalf of the Estate of the decedent. The Court granted Intervenor's

motion on April 8, 2015 (Doc. 36). It is pursuant to that order that the Intervenor files this Petition in Intervention.

B.     PARTIES

2.     In addition to the parties named as Defendants in this case, Airborne Services Global II, LLC is added as a Defendant in this case. This entity resides in Delaware, with its principle place of business in Sparks Nevada. This Defendant can be served by serving its registered agent, Corporation Service Company at its registered address 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

B.     FACTUAL ALLEGATIONS

3.     Intervenor adopts and hereby incorporates by reference all factual allegations contained in William Burnett's most recent complaint on file with the Court.

4.     Additionally, William Burnett III ("Decedent" hereinafter) was the natural and legal son of Tracie Garnett. Tracie Garnett is a resident of Dallas County, Dallas, Texas.

5.     Additionally, Decedent was killed in an aviation disaster on October 5, 2013 somewhere near the Panamanian border in Colombia ("Subject Crash" hereinafter) when the plane in which he was a passenger ("Subject Aircraft" hereinafter) ran aground and killed him. The purpose of the flight that evening ("Subject Flight" hereinafter) was to engage in surveillance activities of suspected narcotics traffickers in the area.

6.     Additionally, Decedent was employed by New Frontier Innovations, LLC ("NFI hereinafter) at the time of his death. NFI is a Delaware corporation with its principal place of business in Alexandria, Virginia.

7.     Additionally, Sierra Nevada Corporation ("SNC" hereinafter) is a contractor who supplies the United States government with equipment and manpower in furtherance of,

34 among other things, military and non-military surveillance operations. SNC is a Nevada
35 Corporation with its principal place of business in Sparks, Nevada.

36     8.    Additionally, Airborne Services Global II, LLC ("ASG" hereinafter) is an entity
37 which owns and operates airplanes and flight equipment. The Subject Aircraft was registered
38 to ASG at the time it crashed and Decedent was killed.

39     9.    Additionally, any allegation against any Defendant is made against that
40 Defendant and those employed and/or in the course and scope of their employment, or acting as
41 an agent for that Defendant as such that Defendant is vicariously liable for the acts and
42 omissions of such person/entity.

43     B. LEGAL ALLEGATIONS

44     9.    Intervenor adopts and hereby incorporates by reference all legal allegations
45 contained in William Burnett's most recent complaint on file with the Court. Additionally,
46 Intervenor alleges the following:

47     10.    SNC, was ordinarily and grossly negligent in causing the death of the Decedent
48 in the following ways:

49     a.    SNC did not exercise reasonable care in inspecting the Subject Aircraft;

50     b.    SNC did not exercise reasonable care in selecting the flight crew for the
51 Subject Aircraft prior to the Subject Crash;

52     c.    SNC failed to exercise reasonable care operating the Subject Plane
53 during the Subject Flight;

54     d.    SNC failed to exercise reasonable care in performing its primary pilot
55 duties in the Subject Flight;

56     e.    SNC failed to establish requisite safety procedures safety procedures;

        f.      SNC failed to provide adequate training and education;

        g.      SNC failed to exercise reasonable care in the hiring and selection for flight of its pilots;

        h.      SNC affirmatively disabled known safety devices;

        i.      SNC failed to establish proper "Go/ No Go" procedures for flight decisions regarding the Subject Aircraft;

        j.      SNC failed to follow FAA regulations, including but not limited to, the proper grounding of the Subject Aircraft;

11. NFI was ordinarily and grossly negligent in the following ways:

        a.      NFI failed to provide adequate training to its employees;

        b.      NFI failed to provide adequate manpower to assure its employees' safety;

        c.      NFI failed in exercising reasonable care in its hiring and retention policies;

        d.      NFI failed in enacting adequate policies and procedures for the Subject Flight;

12. ASG was ordinarily and grossly negligent in the following ways:

        a.      ASG failed to adequately inspect the Subject Aircraft;

        b.      ASG failed to adequately maintain the Subject Aircraft;

        c.      ASG knowingly made the Subject Aircraft available for unsafe uses;

13. Each of the foregoing acts and omissions proximately caused the Decedent's death, and thereby the damages of his estate and the damages of the Intervenor.

14. The foregoing actions of each of these three Defendants constitutes gross negligence. It was such gross negligence and intentional acts of these three Defendants that was the producing and/or proximate cause of Decedent's death, and thereby the damages of his estate and the damages of the Intervenor.

### C. DAMAGES

15. Tracie Garnett has suffered the following damages:
    a. Mental anguish in the past and future;
    b. Loss of support in the past and future;
    c. Loss of consortium in the past and future;
    d. Medical expenses in the past and future;
    e. Physical pain in the past and future;
    f. Pecuniary losses in the past and future;

16. The Estate of William Burnett has suffered the following damages:
    a. Burial expenses;
    b. Conscious pain and suffering;

### D. Conclusion

9. For these reasons stated herein, Intervenor prays that upon a hearing of the contested matters herein a judgment be entered against each Defendant jointly and severally and in favor of Intervenor and for any other relief to which she may be entitled in law or in equity.

          Respectfully Submitted,
          RAD LAW FIRM
BY:   _/s/ Daryoush Toofanian_____
          DARYOUSH TOOFANIAN
          *Pro Hac Vice*
          Texas State Bar No. 24039801
          12900 Preston Road, Suite 900
          Dallas, Texas 75230
          Phone  (972) 661-1111
          Fax     (972) 661-3537
          dtoofanian@radlawfirm.com
          ATTORNEY FOR INTERVENOR

## CERTIFICATE OF SERVICE

A copy of the foregoing pleading was served on all counsel by facsimile transmission and by the Court's ecf system on April 15, 2015

                        BY:   _/s/ Daryoush Toofanian_____